CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 10 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN M. SCIFO, | ) |
|     Plaintiff, | ) Civil Action No. 7:10CV00059 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
|     Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, John M. Scifo, was born on January 19, 1964, and eventually completed his high school education. Mr. Scifo worked as a boiler room attendant. He last worked on a regular and sustained basis in 2007. On November 9, 2007, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Scifo alleged that he became disabled for all forms of substantial gainful employment on June 1, 2007 due to severe depression, high blood pressure,

and blindness in his left eye. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Scifo met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Scifo's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 19, 2009, the Law Judge also determined that Mr. Scifo is not disabled. The Law Judge found that plaintiff suffers from severe impairments including degenerative joint disease, arthralgia, essential blindness in left eye, depression, generalized anxiety disorder, and antisocial personality traits. Because of these impairments, the Law Judge ruled that Mr. Scifo is disabled for his past relevant work role. However, the Law Judge found that plaintiff retains sufficient functional capacity to engage in sedentary levels of exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, this Administrative Law Judge finds that the claimant has the residual functional capacity to: lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours out of an 8 hour workday; stand and/or walk for no more than 2 hours out of an 8 hour workday; and occasionally climb ramps and stairs, balance, kneel, crawl, stoop, and crouch. However, the claimant cannot repetitively push/pull or engage in work that requires working around hazardous machinery, at unprotected heights, climbing ladders, ropes, or scaffolds, or working on vibrating surfaces. Due to his mental impairments the claimant is limited to simple, routine, repetitive unskilled tasks involving no interactions with the general public and only superficial interactions with co-workers and supervisors. Finally, the claimant has visual deficits involving near and far acuity, depth, color, and field of vision and he cannot be required to use monitors as part of his job duties.

(TR 13). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that

2

Mr. Scifo retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Scifo has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Scifo suffers from musculoskeletal problems, especially in his left knee and left shoulder. Based on a thorough consultative evaluation, Dr. William Humphries produced physical findings which indicate residual functional capacity for sedentary levels of exertion not requiring lifting of more than 25 pounds occasionally or 10 pounds frequently. Based on Dr. Humphries' report, the court finds substantial evidence to support Administrative Law Judge's assessment of plaintiff's physical limitations. It is undisputed that Mr. Scifo is blind in his left eye. The real dispute in this case concerns the severity

of plaintiff's emotional difficulties. The record suggests that Mr. Scifo has suffered from a personality disorder for many years. More recently, he has received psychological treatment for depression and anxiety. In connection with his application for disability insurance benefits, Mr. Scifo underwent two separate psychological evaluations. After an assessment on February 28, 2008, Dr. Angelia Berry and Dr. Christopher Carusi produced findings which indicate that, while impaired, Mr. Scifo remains capable of performing simple, unskilled work activities which do not involve frequent contact with the public, coworkers, or supervisors. However, after a clinical evaluation on April 15, 2009, Dr. Pamela Tessnear produced psychological findings which indicate total disability for all forms of substantial gainful activity. While the evidence is in sharp dispute, the court believes that there is substantial evidence upon which the Commissioner might reasonably conclude that Mr. Scifo's physical and emotional impairments do not prevent performance of the limited range of sedentary work activities envisioned the Administrative Law Judge. It follows that the Commissioner's final decision must be affirmed.

While Mr. Scifo cited emotional difficulties as contributing factors to his overall disability, the medical record suggests that plaintiff did not receive regular mental health treatment until 2008, several months after his application for benefits. Apparently, Mr. Scifo was first seen at the Brock Hughes Free Clinic on April 8, 2008. At that time, he was found to be suffering from depression, anxiety, and high blood pressure. Dr. Kyndal Beavers, a psychiatrist, diagnosed severe depression with agoraphobia. The doctor prescribed medications. On May 8, 2008, Dr. Beavers reported that plaintiff's symptoms had stabilized and improved with treatment. Later in 2008, plaintiff was referred to the Mount Rogers Community Services Board for counseling. His clinical findings were unremarkable during his treatment at Mount Rogers, other than for a notation of anxiety and

4

depression. Plaintiff's depression was said to have worsened in late 2008 as a result of a friend's death. Nevertheless, no overt symptomatology was noted. The treating mental health specialist diagnosed panic disorder, and cited a GAF of 50.[1]

As previously noted, Dr. Angelia Berry, a psychologist, and Dr. Christopher Carusi, a psychologist, completed a consultative evaluation dated February 28, 2008. The psychologists noted no unusual mental status findings, other than for some dysthymia and flatness of affect. The psychologists diagnosed generalized anxiety disorder with recurrent, moderate major depressive disorder, and antisocial personality traits. Mr. Scifo was said to have a GAF of 57.[2] Drs. Berry and Carusi offered an overall functional assessment as follows:

> Mr. Scifo's comprehension appeared adequate during this evaluation. It is likely that [Mr. Scifo] is capable of understanding simple direction, but may have some difficulty with detailed and complex directions. Mr. Scifo reported a history of poor work experiences and volatile relationships with co-workers and supervisors. It is possible that Mr. Scifo's reported symptoms may interfere with his ability to maintain consistent attendance, interfere with relationships, and hamper his ability to handle normal work stressors. He would benefit from participation in individual therapy to assist him in developing adaptive coping skills and managing/reducing symptoms of depression and addressing anger management issues. Mr. Scifo would also likely benefit from a psychiatric evaluation to assess the need for psychotropic medications.

(TR 174-75).

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

[2] A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

Dr. Pamela Tessnear completed her psychological assessment on April 15, 2009. After a comprehensive clinical evaluation, Dr. Tessnear submitted the following functional information:

> Diagnostic clarity is quite difficult, given his reported symptoms and his possible exaggeration. However, whatever diagnostic category is most accurate, it is clear that he has significant impairments of social functioning. He had arguments with supervisors and co-workers on the job and even frightens his wife by his anger and hostility. He needs to isolate to control anxiety and also to avoid hostile confrontations. He also appears to have significant impairments of concentration. His mental status responses were not entirely credible, for example, his inability to name the colors of the American flag. Still, he was noted to lose his train of thought while delivering history and he had trouble regaining focus. He does appear to have difficulty using detailed or complex information and would be expected to do poorly on anything other than simple, repetitive tasks. He is easily distracted by noise or the presence of other people and he is also very suspicious of people. He misreads them and makes inaccurate assumptions. He could not work with the public. He also does not follow instructions, even when they are emphasized. It is expected that he would require repeated demonstration and supervision until he became proficient at a new job.

(TR 282-83). Dr. Tessnear also completed a medical assessment of plaintiff's mental ability for work-related activities. Dr. Tessnear's assessment suggests that Mr. Scifo's emotional difficulties render him totally disabled for all forms of substantial gainful activity.

In short, at least in terms of the opinion evidence, the court finds the medical reports in this case to be in equipoise. Drs. Berry and Carusi determined that Mr. Scifo's emotional problems are not so severe as to prevent performance of simple, unskilled work activity not involving exposure to other people.[3] On the other hand, Dr. Tessnear produced findings indicating total disability for all forms of reasonable work activity. The Administrative Law Judge accorded less weight to Dr. Tessnear's evaluation, noting that she saw Mr. Scifo on only one occasion and that her assessment

---

[3] Several nonexamining state psychologists also found that plaintiff's emotional impairments are not disabling.

of his symptomatology was somewhat inconsistent with the treatment notes from the Brock Hughes Free Clinic and the Mount Rogers Community Services Board.

The court believes that the Administrative Law Judge's assessment of the evidence is legally sound, and consistent with the medical record. It must be noted that the plaintiff carries the burden of proof in establishing that he is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993); Hall v. Harris, 658 F.2d 260, 263 (4th Cir. 1981). It is not enough that the plaintiff's evidence merely creates a conflict in the medical record. Instead, the evidence must prove that the claimant suffers from an impairment or combination of impairments, which is so severe as to render him totally disabled for all forms of substantial gainful employment. 20 C.F.R. § 404.1512(a).

In the instant case, the court must agree that Dr. Tessnear's report is somewhat inconsistent with the treatment notes compiled over essentially the same period of time. Stated differently, the mental health specialists who actually treated Mr. Scifo did not detect clinical findings which could reasonably be considered consistent with totally disabling depression and anxiety. Indeed, Dr. Beavers noted that plaintiff's condition was amenable to treatment and that he actually improved over a short period of time with administration of medication. It is possible that Dr. Tessnear simply saw Mr. Scifo on a bad day. In any event, the court must agree that there is substantial evidence to support the Law Judge's determination to accord less weight to Dr. Tessnear's report. Dr. Tessnear's report notwithstanding, the court finds substantial evidence to support the Commissioner's ultimate conclusion that Mr. Scifo had failed to carry his burden of proof. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Scifo is free of all pain, discomfort, and emotional dysfunction. Indeed, it is undisputed that he suffers from physical difficulties which are so severe as to prevent more than sedentary levels of exertion. Furthermore, he experiences blindness in his left eye. Obviously, these problems can be expected to cause substantial vocational limitations. However, the Administrative Law Judge properly considered all of these factors in assessing plaintiff's residual functional capacity. Moreover, the court believes that the Administrative Law Judge properly determined that plaintiff's emotional difficulties prevent performance of more than unskilled work activity not involving exposure to the public or more than minimal exposure to coworkers and supervisors. The court finds that the vocational expert took these factors into account in identifying several specific work roles in which plaintiff could be expected to perform. The court believes that the vocational expert's consideration of the vocational factors, and the assumptions under which the vocational expert deliberated, are both reasonable and consistent with the evidence of record.

It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). While Mr. Scifo's testimony is suggestive of substantial incapacity for work, the court believes that the Law Judge properly measured the testimony against the medical evidence. Once again, it appears to the court that the Administrative Law Judge accounted for all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales,

8

supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of February, 2011.

_____
Chief United States District Judge